

MEMO ENDORSED

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 30, 2019

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/30/19

**BY ECF AND EMAIL**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. Ronny Reyes, a/k/a "Edwin Hernandez,"* 18 Cr. 640 (RA)

Dear Judge Abrams:

The Government respectfully submits this letter both to correct the record and to request that the conditions of supervised release be modified, pursuant to 18 U.S.C. § 3583(e), for defendant Ronny Reyes, a/k/a "Edwin Hernandez," who was sentenced earlier today.

At today's sentencing proceeding, the Court sentenced the defendant to time served, to be followed by three years of supervised release. (Dkt. 230). One reason underlying the Court's sentence appeared to be the expectation that the defendant would spend time in immigration custody immediately following completion of his criminal sentence, as the defendant's conviction (wire fraud conspiracy) renders him deportable. At the sentencing, all parties appeared to proceed on the assumption—which turned out to be erroneous—that the defendant would be transferred to immigration custody immediately upon completion of his criminal sentence.[1] Indeed, the Court issued an Order today releasing the defendant from the custody of the United States Marshal's Service, subject to any warrants and detainers. (Dkt. 229). After today's sentencing, the Government was surprised to learn that an immigration detainer had not yet been lodged for the defendant.[2]

Given the defendant's unexpected release, the Government respectfully requests that the conditions of supervised release be modified to add the following special condition of supervised release:

---

[1] The defense sentencing submission, for instance, stated: "One of the additional consequences of deportation is that after the defendant completes the sentence imposed by this court, he will not be released. Rather, he will be taken into Immigration custody.... [H]e will remain in [immigration] custody for months, time in jail which will not be credited to any sentence, before he is actually deported." (Dkt. 220, at p. 8).

[2] Law enforcement is in the process of seeking a detainer, but that is a multistep process that includes conferring with foreign law enforcement.

> **For the first 60 days of his term of supervised release, the defendant is subject to home detention, to be enforced by location monitoring. However, in the event that he is taken into immigration custody before 60 days has elapsed, this condition will immediately lapse.**

This proposed special condition of supervised release is warranted for the same reasons that the Court has ordered home detention for every other defendant in the case to be sentenced to date (respectively, terms of 5, 6, and 11 months of home detention for co-defendant Ronnie De Leon, Cesar Santana, and Rayniel Robles). As with those defendants, such a condition will facilitate the defendant's return to the community (following an approximately 17-month sentence), at least for whatever period he is at liberty. Such a condition seems especially appropriate here, for a defendant who lived under a false identity (which he purchased from a United States citizen) and appears to have less stability in his life than did his co-defendants. Such a condition may also facilitate the defendant's compliance with immigration law.

As the Court is aware, the Court is expressly authorized by 18 U.S.C. § 3583(e)(2) to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." *See, e.g., United States v. Sarvis*, 205 F.3d 1326, at *2 (2d Cir. 2000) ("A District Court 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release.' In determining whether or how to modify the conditions of supervised release, the Court is required to consider the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).") (quoting 18 U.S.C. § 3583(e)(2)); *see also id.* ("In determining whether to modify the conditions of supervised release, the District Court is required to consider 'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'") (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).

As the Second Circuit has recognized, "new circumstances may arise that require a longer term or harsher conditions of supervised release in order to further the general punishment goals of section 3553(a)—for instance, the defendant's violation of conditions of release or the discovery of information indicating that the defendant has secreted important financial assets." *Lussier*, 104 F.3d at 36; *see also United States v. Kremer*, 280 F.3d 219 (2d Cir. 2002) (holding that the Court may properly add a condition of home detention under Section 3583(e)(2)).

For the foregoing reasons, the proposed modification is appropriate under §§ 3583(e)(2) and 3553(a).[3]

---

[3] In the alternative, the Government requests the same relief under Rule 35(a) of the Federal Rules of Criminal Procedure, which permits correcting a sentence where there has been an arithmetic, technical, or other clear error.

The Court's consideration of this request is greatly appreciated.

              Respectfully submitted,

              GEOFFREY S. BERMAN
              United States Attorney for the
              Southern District of New York

       By: _____/s/_____
              Brett M. Kalikow / Michael D. Neff
              Assistant United States Attorneys
              (212) 637-2220 / 2107

cc: Lawrence Fisher, Esq. (by ECF and email)

APPLICATION GRANTED
SO ORDERED

_____
RONNIE ABRAMS, U.S.D.J.

12-30-19